UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DAVID BELCHER, Individually and on Behalf of All  :  Case No. 1:23-cv-01406-JSR
Others Similarly Situated                          :
                                                   :
                  Plaintiff,                       :
                                                   :
        v.                                         :
                                                   :
VOLTA, INC., VINCENT T. CUBBAGE,                   :
KATHERINE J. SAVITT, ELI AHETO, JOHN               :
J. TOUGH, BONITA C. STEWART and                    :
MARTIN LAUBER.                                     :
                                                   :
                  Defendants.                      :
-------------------------------------------------------------------x

### [PROPOSED] ORDER AND STIPULATION VOLUNTARILY DISMISSING THE ACTION AND RETAINING JURISDICTION SOLELY TO DETERMINE PLAINTIFF'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES AND EXPENSES

WHEREAS, on February 8, 2023, Volta, Inc. ("Volta") filed a preliminary proxy ("Proxy") with the Securities and Exchange Commission ("SEC") soliciting Volta stockholders to vote in favor of a proposed transaction ("Transaction") with Shell USA Inc. ("Shell"); and

WHEREAS, on February 21, 2023, Plaintiff commenced the above-captioned action ("Action") with the filing of a complaint ("Complaint") on behalf of himself and all other similarly-situated Volta stockholders (i) alleging that the Proxy failed to disclose certain material facts necessary for Volta stockholders to cast fully informed votes with respect to the Transaction ("Nondisclosures"); (ii) asserting claims ("Disclosure Claims") under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Securities and Exchange Commission ("SEC") Rule 14a-9 promulgated thereunder ("Rule 14a-9"), and under Delaware law, on account of the Nondisclosures; and (iii) seeking to enjoin any stockholder vote on the Transaction until

Volta filed supplemental disclosures with the SEC curing the Nondisclosures; and

WHEREAS, on March 9, 2023, after a joint call with the parties, the Court authorized Plaintiff to file a motion for a preliminary injunction;

WHEREAS, by letter dated March 10, 2023, Plaintiff advised the Court that the parties had reached agreement to resolve the Disclosure Claims by way of certain supplemental disclosures to be filed by Volta with the SEC no later than five (5) days prior to the stockholder vote that had been scheduled for March 29, 2023, which resolution obviated the need for Plaintiff to move for a preliminary injunction; and

WHEREAS, on March 16, 2023, Volta filed the agreed upon supplemental disclosures ("Supplemental Disclosures") with the SEC; and

WHEREAS, after reviewing the Supplemental Disclosures, Plaintiff concluded that the Supplemental Disclosures mooted the Disclosure Claims; and

WHEREAS, Plaintiff asserts an entitlement to attorney's fees and expenses on the ground that the Supplemental Disclosures that mooted the Disclosure Claims conferred a substantial benefit on Volta stockholders by enabling them to cast fully informed votes at the stockholder vote held on March 29, 2023 ("Attorney's Fee Issue"); and

WHEREAS, Defendant expressly reserves all arguments that may be asserted in opposition to Plaintiff's entitlement to attorney's fees and expenses; and

WHEREAS, the parties agree that, as a result of the mooting of the Disclosure Claims, the only remaining issue in dispute in the Action is the Attorney's Fee Issue; and

WHEREAS, both parties reserve all rights with respect to the Attorney's Fee Issue; and

WHEREAS, at the Conference on May 3, 2023, the Court entered a briefing schedule on the Attorney's Fee Issue with Plaintiff to file its opening papers no later than May 17, 2023;

Defendant to file its opposition papers no later than June 2, 2023, and Plaintiff to file its reply papers no later than June 12, 2023 ("Attorney's Fee Briefing Schedule").

      IT IS HEREBY STIPULATED AND AGREED:

      1.    The Action is dismissed under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure with prejudice as to Plaintiff's individual claims only, and without prejudice as to any claims asserted on behalf of a purported class, subject to the Court retaining jurisdiction solely to determine the Attorney's Fee Issue, which the parties shall brief in accordance with the Attorney's Fee Briefing Schedule absent a prior resolution thereof. *See Chambers v. Time Warner, Inc.,* No. 00 CIV. 2839 (JSR), 2003 WL 1107790, at *1 (S.D.N.Y. Mar. 12, 2003) (federal court retains jurisdiction to determine attorney's fees after voluntary dismissal).

Dated: 5/8/2023

WOHL & FRUCHTER LLP

*Joshua Fruchter*

By: Joshua E. Fruchter
25 Robert Pitt Drive, Suite 209G
Monsey, New York 10952
Telephone: (845) 290-6818
Facsimile: (718) 504-3773
Email: jfruchter@wohlfruchter.com

*Attorneys for Plaintiff and Proposed Class*

Dated: 5/8/2023

NORTON ROSE FULBRIGHT US LLP

By: Peter A. Stokes
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone: (512) 536-5287
Facsimile: (512) 536-4598
Email: peter.stokes@nortonrosefulbright.com

*Attorneys for Defendants*

SO ORDERED this \_\_\_\_ day of May, 2023.

_____
THE HONORABLE JED S. RAKOFF
United States District Judge

- 4 -